J. A25001/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JILLIAN EILEEN PROPPS, | : | No. 214 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered January 15, 2016,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0005888-2010

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED NOVEMBER 17, 2016**

Jillian Eileen Propps appeals from the January 15, 2016 order entered in the Court of Common Pleas of Dauphin County that denied her second petition for expungement. We quash.

The trial court set forth the following:

> . . . [O]n November 18, 2010, Trooper Shaun Pugh of the Pennsylvania State Police filed a criminal complaint against [a]ppellant for the charge of Theft by Deception. The complaint alleged that [appellant], as office manager for the victim, Stoner Graphix, failed to deduct money out of her paychecks for her dependent health insurance, thereby depriving Stoner Graphix of $10,957.90. A preliminary hearing was held on November 22, 2010, and the charge was waived for court. The case was scheduled before this Honorable Court on September 19, 2011. However, on August 24, 2011,

_____

* Former Justice specially assigned to the Superior Court.

the Commonwealth filed a Motion for Dismissal upon Satisfaction.

In this Motion, the Commonwealth averred that [a]ppellant had paid the amount associated with the charges and had paid the costs of court. Since no use or threat of force was present in this matter, and satisfaction had been made to the victim, the Commonwealth requested that the matter be dismissed upon satisfaction. The Motion was granted by Order dated August 25, 2011, and the case was dismissed pursuant to Pa.R.Crim.P. 586.

On December 22, 2014, [a]ppellant filed a Petition for Expungement pursuant to Pa.R.Crim.P. 790. This Court issued an Order on January 20, 2015[1] denying [a]ppellant's Petition, since Pa.R.Crim.P. 586 dismissals are not eligible for expungement under 18 Pa.C.S.[A.] § 9122. Appellant sought reconsideration of this Order, which was denied [on March 6, 2015].

Trial court opinion, 5/20/15 at 1-2, adopted by trial court opinion, 3/25/16.

The record reflects that on April 2, 2015, which was 71 days after the trial court entered its order denying appellant's petition for expungement, appellant filed a notice of appeal to this court. On May 14, 2015, this court ordered appellant to show cause as to why her appeal should not be quashed as untimely pursuant to Pa.R.A.P. 903(a).[2] ***See Commonwealth v. Propps***, No. 598 MDA 2015 (order of court, 5/14/15). On May 22, 2015, appellant filed a timely memorandum in response to this court's order to

---

[1] The record reflects that the trial court dated the order January 20, 2015, but that it was not docketed until January 21, 2015.

[2] Pa.R.A.P. 903(a) requires that a notice of appeal be filed within 30 days after the entry of the order from which the appeal is taken.

show cause. In that memorandum, appellant's counsel responded that he filed appellant's notice of appeal to this court late because he "erroneously anticipated that upon being apprised of the applicable law regarding the correct procedure in matters such as this, and realizing its mistake," the trial court would have afforded appellant a hearing. (**Propps**, No. 598 MDA 2015, appellant's memorandum in response to show cause why appeal should not be quashed, 5/22/15 at 2.) Appellant's counsel further explained that even though he was "well aware of the time limits enumerated in Pa.R.A.P. 903(a)," he "determined the filing of [a] Notice of Appeal would no longer afford the trial court the opportunity to correct its error. . . ." (**Id.** at 3-4.) On July 7, 2015, this court found that appellant failed to present a legal argument to justify this court's jurisdiction, and, as such, we quashed appellant's appeal as untimely. (**Propps**, No. 598 MDA 2015, order of court 7/7/15.)

On November 12, 2015, appellant filed another petition for expungement. On January 15, 2016, the trial court denied and dismissed that petition because it:

> entered an Order on January 21, 2015 disposing of [appellant's] previously filed Petition for Expungement. [Appellant] did not timely appeal this Court's January 21, 2015 Order, which has become a final Order that cannot be reconsidered by the filing of a new Petition.

Order of court, 1/15/16.

On January 29, 2016, appellant filed a notice of appeal to this court from the trial court's January 15, 2016 order. On February 3, 2016, the trial court ordered appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court filed a Rule 1925(a) opinion that adopted its May 20, 2015 Rule 1925(a) opinion that it filed in the appeal docketed at 598 MDA 2015.

In her brief to this court, appellant's counsel summarizes the procedural history of the case and then states:

> [u]nfortunately for [appellant], her prior counsel did not grasp the interplay between a Motion for Reconsideration and a Notice of Appeal. . . .
>
> . . . . Instead, he filed a single notice of appeal to this Court on April 2, 2015. Then, as one might expect given this turn of events, this Court issued an Order on July 7, 2015, quashing [appellant's] prior appeal as untimely. Sadly, this left [appellant] with no review of [the trial court's] order denying expungement.
>
> Given this state of affairs, the undersigned filed a second Petition for Expungement . . . .

Appellant's brief at 7-8.

This appeal amounts to nothing more than appellant's attempt to circumvent her failure to timely appeal the January 21, 2015 order that denied and dismissed her petition for expungement, which was the final appealable order in appellant's quest for expungement. Although this court afforded appellant the opportunity to show cause why her appeal should not be dismissed as untimely, this court concluded that the reasons appellant set

forth failed to present a legal argument to justify our jurisdiction. Consequently, this court quashed the appeal as untimely. Nothing in the Rules of Appellate Procedure or the laws of this Commonwealth entitles appellant to yet another "bite at the apple." Having failed to timely appeal the trial court's final order that denied and dismissed her petition for expungement and having failed to justify this court's jurisdiction in her previous appeal at No. 598 MDA 2015, appellant's filing of another petition for expungement cannot and does not turn back time and breathe new life into appellate review. Therefore, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2016